UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-00585-JGH

GENE DESHAWN M. WATKINS                                    PLAINTIFF

v.

FEDERAL BUREAU OF INVESTIGATION                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The United States of America has moved to dismiss the case against it.  Plaintiff has not

filed a response.  The Court concludes that the lawsuit must be dismissed.

I.

Plaintiff, Gene DeShawn M. Watkins, filed a hand-written *pro se* complaint against the

Federal Bureau of Investigation ("FBI") in the Jefferson Circuit Court, Jefferson County,

Kentucky, on July 23, 2014.  Defendant timely removed the case to this Court.  Plaintiff

alleges that he was taken hostage by a CIA agent that he has seen on television; that the police

have been watching him for over a decade and have bugged his house; that his house is

surrounded by "stake out" houses; that agents are leaving the stake out houses with their guns

and breaking into his house while he sleeps; and that agents are giving him death threats.

Plaintiff alleges that this amounts to a violation of his civil liberties, racial discrimination, and

deadly intent.

In addition, Plaintiff alleges that he is in possession of "federal camera's [sic] that see

threw [sic] clothes and walls", which he "got from my ceilin [sic] fan they light sockets"; states

that this is the reason his life is in danger; and alleges that he has been riding around with these

cameras watching agents, who are having sex with each other in the stake out houses.  He alleges

that this is conspiracy to commit murder and unbecoming of an officer.  He also alleges that the agents are violating the Fourth Amendment by using such cameras.  He further alleges that he has watched while agents allegedly exploit children, "having sex w/ lil girls", and states that he has this on surveillance tape. He alleges that the agents are putting little girls in a sex slave ring. He also alleges that the agents are trying to kill him.

These factual allegations are almost identical to those raised by the very same Plaintiff in *Watkins v. FBI*, 3:12-cv-00130-M, which this Court dismissed on June 15, 2012.

## II.

Plaintiff appears to assert a constitutional claim, based on his allegations of racial profiling, against the FBI.  That claim must fail, because the U.S. Supreme Court has expressly declined an invitation to extend *Bivens* liability to permit suit against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994); *see also Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 709 F.3d 584, 587-88 (6th Cir. 2013).  In the *Meyer* opinion, the Court emphasized that, "the purpose of *Bivens* is to deter the officer," not the agency.  *Id.* at 485.  The Court explained that, if given the choice, plaintiffs would likely sue a federal agency instead of an individual who could assert qualified immunity as an affirmative defense.  This scheme would provide less incentive for aggrieved parties to bring damage claims against individuals, thus losing the deterrent effect of the *Bivens* remedy.  *Id.* Accordingly, to allow a *Bivens* claim against federal agencies "would mean the evisceration of the *Bivens* remedy, rather than its extension."  *Id.*; *see also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69-70 (2001).  For these reasons, Plaintiff's constitutional claim against the FBI fails.

2

III.

It is well-settled law that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). The Sixth Circuit has stated that dismissal under 12(b)(1) is appropriate when the complaint is frivolous or patently insubstantial, presenting no deferral question suitable for decision. *White v. Michigan Center for Forensic Psychiatry*, 66 Fed. Appx. 626, 627 (6th Cir.2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 325-27 (1989)); *accord Nunn v. Payne*, No. 4:07CV-P126-M, 2008 WL 4146662, *1 (W.D. Ky. Aug. 28, 2008). Patently insubstantial complaints are not merely doubtful or questionable, but rather are "essentially fictitious," such as "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," and "any sort of supernatural intervention." *Neitzke,* 490 U.S. at 325-27.  A district court properly dismisses a case where it lacks "any arguable basis in law or in fact." *White*, 66 Fed. Appx. at 627.

Here, Plaintiff's complaint fits squarely within the "essentially fictitious" pleadings standard.  Plaintiff explains within the complaint that federal agents have moved into his neighbors' houses and "are having sex" while Plaintiff was under surveillance.  He further suggests that federal agents are illegally using "camera's [sic] that see threw [sic] clothes and walls", which he "got from my ceilin [sic] fan they light sockets."  These allegations are so wildly bizarre as to be unbelievable without some corroboration.  Moreover, Plaintiff's claim fails to provide any explanation regarding what has led him to believe that he is under surveillance, why he thinks the FBI is racially profiling him, or even what race he is.  Further,

3

Plaintiff provides no statement indicating any possible basis for the Court's jurisdiction.  Even given the favorable inferences to

which Plaintiff is entitled with regard to Defendant's motion to dismiss, it remains Plaintiff's burden to prove subject matter jurisdiction. *GTE North, Inc.*, 209 F.3d at 916.  Plaintiff has failed to demonstrate that this Court has jurisdiction over these claims.

IV.

Although it is unclear what relief Plaintiff seeks, if he is seeking monetary damages against the FBI for a tort, the only possible basis for subject matter jurisdiction for this Court would be the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  In order to file a claim under the FTCA, Plaintiff would have had to first file an administrative claim with the FBI. 18 U.S.C. § 2712. However, the waiver of sovereign immunity by the FTCA is unavailable for Plaintiff's tort claims against the FBI, because he has sent no administrative claim to the FBI, or even to allege he has done so.  Plaintiff has not met his burden to demonstrate subject matter jurisdiction, and accordingly, any tort claim against the FBI must be dismissed.

V.

Plaintiff does not expressly state any law upon which his claim relies. But if Plaintiff intends to bring his racial profiling claim against the FBI pursuant to the Fourteenth Amendment of the United States Constitution, the claim fails, because such claims may be brought only against state actors.  Because the FBI is a federal actor and not a state actor, Plaintiff has failed to state a claim against the FBI.  The Fourteenth Amendment is inapplicable to claims against the FBI. *See District of Columbia v. Carter*, 409 U.S. 418, 423-24 (1973).  Moreover, Plaintiff's Fourteenth Amendment claims against the FBI are barred because the United States has not

4

waived sovereign immunity for such a claim, and therefore, this Court lacks jurisdiction over it. *See Meyer*, 510 U.S. at 475.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and the complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc:    Gene Deshawn M. Watkins, *Pro Se*
       Counsel of Record